414 So.2d 369 (1982)
STATE of Louisiana
v.
Curtis CLARK.
No. 81-KA-2613.
Supreme Court of Louisiana.
May 17, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Camille Giordano, Asst. Dist. Atty., for plaintiff-appellee.
Charles Yeager of Kennedy & Yeager, Alexandria, for defendant-appellant.
*370 H. CHARLES GAUDIN, Justice Pro Tem.[*]
Curtis Clark is before this Court contending (1) that he should have been allowed to withdraw a guilty plea moments before actual sentencing, (2) that his four-year prison term for an amended charge of simple burglary was constitutionally excessive and (3) that the trial judge did not comply with LSA-C.Cr.P. art. 894.1.
On May 11, 1981, Clark appeared in the 9th Judicial District Court, charged with aggravated burglary. Following reduction of the charge to simple burglary, Clark changed his plea to guilty.
Judge Robert P. Jackson personally conducted a full hearing in accord with the Boykin guidelines, and then ordered a pre-sentence investigation. The record clearly indicates that no promises were made to Clark, although both he and his attorney hoped for either probation or a short parish prison sentence.
In fact, Clark's attorney said that he advised Clark that first offenders customarily receive probation, sometimes with a 30- to 60-day parish prison sentence as a special condition of probation, and Clark apparently anticipated such lenient treatment.
Clark's attorney admitted, however, that trial judge would make no commitment until he "... had an opportunity to review the file, had the opportunity to see a presentence investigation..."
Immediately before sentencing on August 10, 1981, Judge Jackson, in chambers, told Clark's attorney that a four-year at hard labor sentence would be imposed. When the hearing convened, Clark moved to withdraw his plea, but this was denied and Clark was sentenced.
The court may permit a plea of guilty to be withdrawn at any time before sentencing (LSA-C.Cr.P. art. 559), and a defendant has a right to withdraw the plea when a promise is made and then broken, as in State v. Lockwood, 399 So.2d 190 (La. 1981). But dissatisfaction with the sentence or expected sentence is not grounds if the accused entered the plea on the advice of competent counsel and there is no indication that a prior commitment had been broken. See State v. Boatright, 406 So.2d 163 (La.1981).
Further, the expectation of a lesser sentence than the one imposed will not undermine the voluntary nature of the plea. See State v. Dunn, 408 So.2d 1319 (La.1982).
The instant record is devoid of any breached plea bargain or any negotiation that might have led Clark to reasonably believe that his plea would result in probation or a short sentence. According, the trial judge properly refused to allow the guilty plea to be withdrawn.
Regarding the four-year sentence, Judge Jackson gave this reasoning:
"This was a crime in which you broke into an inhabited dwelling, and during the course of it ... you committed a battery upon the person involved. You broke into a lady's house, and ... did commit a slight battery upon her. Since this was a crime directed toward the person, I am not going to give you a suspended sentence, and also it was a crime where you broke into an inhabited dwelling."
Clark had broken into the female victim's house and committed the battery by waking her up and trying to pull her pants down in the presence of her two small children. According to the victim, Clark "... was saying suggestive things to me and he started grabbing on me ... burglary was not his intention..."
When he heard neighbors outside, Clark fled through the rear door.
The pre-sentence report, relied on by the trial judge, shows that while Clark is a first felony offender, he does have misdemeanor *371 convictions for disturbing the peace, theft, gambling and possession of marijuana. Clark was on one-year probation when the present offense occurred, and his probationary record was unsatisfactory.
It should also be noted that Clark received considerable benefit from the reduction of the charge from aggravated to simple burglary.
The record fully supports the four-year sentence and it shows substantial compliance with LSA-C.Cr.P. art. 894.1 by the trial judge.
Thus, Clark's conviction, via the plea of guilty, and his sentence are affirmed.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit, and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.