442 So.2d 1220 (1983)
STATE of Louisiana
v.
Donald BAROUSSE.
No. 83-KA-502.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
John M. Mamoulides, Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Douglas Friederichsen, William C. Credo, III, Asst. Dist. Attys., Gretna, for appellee; Louise Korn, Gretna, of counsel.
Joseph L. Montgomery, Staff Appeals Counsel, 24th Judicial Dist., Indigent Defender Board, Gretna, for appellant.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Judge.
On February 28, 1983, Donald K. Barousse entered pleas of guilty to two counts of simple crime against nature, LSA-R.S. 14:89. The victims were his two daughters, aged three and four. On April 27, 1983, following a presentence investigation, he was sentenced to three years at hard labor, with credit for time served. The defendant has appealed, and raises two assignments of error before this Court.
His first assignment of error is that the trial judge failed to suppress an inculpatory statement made by the defendant, which the defendant contends was not voluntary. His second assignment of error is that the trial judge failed to properly delineate his reasons for imposing sentence, and that the sentence was nonetheless excessive, considering all the pertinent circumstances.

ASSIGNMENT OF ERROR NO. 1
Prior to entering his guilty plea, Barousse had filed a motion to suppress his inculpatory statement. The motion, heard on February 2, 1983, was denied. The minutes of the court contain no notation that the defendant reserved his right to appeal that ruling. The transcript of those proceedings, however, shows defense counsel noted an oral exception to the adverse ruling at the time. That would have been adequate notice to reserve an assignment of error, if the case had gone to trial on the merits.
*1221 In State v. Crosby, 338 So.2d 584 (La. 1976), the Supreme Court held that a defendant waives his right to review of a nonjurisdictional pre-plea trial ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea.
The transcript of the plea colloquy reveals no reservation of the defendant's rights by a Crosby stipulation. In addition, the Boykin form, entitled "Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty," states, in paragraph 6,
"If you plead guilty, and this court accepts your plea, you do not have the right to assert any allegations of defects, such as: * * * (c) an illegal confession; * * *. Do you understand that by pleading guilty you are waiving or giving up these rights?"
The Boykin form was signed by both the defendant and his attorney. In the plea colloquy between the defendant and the trial court, the judge reiterated the waiver verbatim and the defendant replied affirmatively, indicating he understood he was waiving these rights. Further, he was specifically asked if anyone had used any force, intimidation, coercion, promise or reward to make or force him to plead guilty, which he denied.
The defendant should have reserved his right to review the denial of his motion to suppress at the time he entered his guilty plea. Instead, he expressly waived that right. Accordingly, we find no merit to Assignment of Error No. 1.

ASSIGNMENT OF ERROR NO. 2
The defendant pleaded guilty to two counts of simple crime against nature. The penalty for that crime is a fine of not more than $2,000 or imprisonment, with or without hard labor, for not more than five years, or both. LSA-R.S. 14:89(B). The defendant was sentenced to three years with credit for time served.
The trial judge stated he had read and considered the report of the presentence investigation and also the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. He noted the defendant was on probation for a prior conviction for possession of marijuana, but that the probation did not stop him from doing the acts with which he is charged in this prosecution. The court also mentioned that the defendant's abuse of his children was not a single event, but had been going on for some time. The judge felt a most serious harm had been perpetrated on these children; he believed that, as it had happened a number of times before, this type of behavior was likely to recur.
Although Barousse had been married for 11 years and had a good employment record, and imprisonment would impose a hardship on his family, the trial court determined that the defendant was in need of correctional treatment in a custodial environment.
The judge further stated he had reviewed the probation department's recommendation for conditional probation, but that he did not agree with that suggestion.
We conclude the trial court complied well with the sentencing guidelines of C.Cr.P. art. 894.1 in stating for the record his reasons for sentencing, having taken into account both aggravating and mitigating circumstances.
Respecting the allegations of excessive sentence, we refer to State v. Howard, 414 So.2d 1210, 1217 (La.1982):
"* * * The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sepulvedo, 367 So.2d 762 (La.1979)."
Considering the maximum sentence for simple crime against nature is five years and/or $2,000, the three-year sentence imposed falls in the mid-range of the statutory limits. In light of the tender ages of the victims in this case, the trial court used great restraint in imposing the *1222 sentence. Therefore, we find no merit to Assignment of Error No. 2.

PATENT ERROR
LSA-C.Cr.P. art. 920 requires the appellate court to consider patent error, that is, any error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. The record before us reflects that Donald Barousse pleaded guilty to two counts of simple crime against nature, but was given one sentence of three years imprisonment. This appears to be patent error.
LSA-C.Cr.P. art. 921, however, states that a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. Because the single sentence imposed, three years, is considerably less than the statutory maximum that could have been imposed for one count alone, we find the judge's omission to mention the two counts did not affect the substantive rights of the defendant. Accordingly, we see no reason to remand the case for clarification or resentencing.
For the foregoing reasons, the conviction and sentencing of the defendant, Donald K. Barousse, are affirmed.
AFFIRMED.