REDMANN, Chief Judge.
Defendant’s appeal argues only the ex-cessiveness of his 24-year maximum sentence, asserting that he is not among the worst offenders, State v. Oubichon, 422 So.2d 1140 (La. 1982).
The present offense, simple burglary of an inhabited dwelling, R.S. 14:62.2, was committed while the householder was away. The state billed defendant as a second offender, reciting only a 1980 conviction for simple burglary, R.S. 14:62 (i.e. not of an inhabited dwelling). At the sentencing hearing, the unsworn (but uncontested) assertion by an assistant district attorney is that defendant had other convictions: for unauthorized use of a movable in 1966 (when 13 or 14 years old); resisting arrest in “1973 and 1974” (when about 21 or 22); attempted theft in 1975 (when 22 or 23).
Defendant is certainly not the least offender (whose sentence would be four years). But he is also not the worst, and therefore the maximum sentence is excessive for him. See, e.g., State v. Guajardo, 428 So.2d 468 (La.1983); State v. Clark, 414 So.2d 369 (La.1982); and State v. Brown, 410 So.2d 1043 (La.1982).
The sentence is therefore set aside and the matter is remanded for resentencing.