461 So.2d 434 (1984)
STATE of Louisiana
v.
Berry SMITH Jr.
No. 84-KA-154.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
*435 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry J. Morel, Jr., Dist. Atty. Twenty-Ninth Judicial Dist., Harry R. Morgan, and Gregory C. Champagne, Asst. Dist. Attys., Hahnville, for appellee.
Richard J. Holmes, La Place, for appellant.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Judge.
Berry Smith Jr. was convicted by a jury of three counts of violation of LSA-R.S. 14:64 (armed robbery) for a robbery that occurred on February 17, 1982 at a Kart-N-Karry convenience store in St. Charles Parish, Louisiana. The jury verdict was accompanied by the jury's recommendation for leniency in sentencing.
The district court subsequently sentenced Smith to ten years' imprisonment in the custody of the Department of Corrections, without benefit of parole, probation or suspension of sentence. The matter comes before this court as an out-of-time appeal granted by the district court pursuant to Smith's application for post-conviction relief.

FACTS
At about 7 p.m. on February 17, 1982 two men entered a Kart-N-Karry convenience store at 12009 River Road in Destrehan. One of them was wearing a green army jacket. They walked to the cooler at the rear of the store and selected two beers. One of the men also picked up a pack of chewing gum; both then returned to the front of the store, ostensibly to pay for the items. When they reached the cashier's desk, the man in the army jacket requested a bottle of Jack Daniels whiskey. The cashier, Eleanure Scheidel, turned to the shelves behind her to obtain the liquor. Because Ms. Scheidel could not reach the top shelf, she called the manager, Darleen Cooper, for assistance. Ms. Cooper, who was eating at a small table close to the register, took the bottle down, gave it to Ms. Scheidel and returned to her supper. Ms. Scheidel turned, placed the bottle on the counter and rang up the purchases on the register. As she was bagging the merchandise, the man in the army jacket displayed a gun to her and demanded the money from the register.
At the sight of the weapon, Ms. Scheidel became so nervous she could not open the cash drawer. Ms. Cooper, seeing her difficulty with the register but unaware a robbery was in process, rose from her table to assist her. Although one of the men told her not to move, she walked to the register and opened the cash drawer. At that point she noticed the gun and returned to her seat.
*436 The other man (later identified as the defendant, Berry Smith Jr.) grabbed the money from the drawer and both men fled the store. They drove off in a white 1963/1964 Chevrolet that had been backed into a parking place in front of the store.
A third employee, Gwendolyn Ladner, testified she was behind the counter pricing candy about 5 to 10 feet from the main register. She had her back turned to Ms. Scheidel. Asked to explain exactly when she first became aware of a problem in the store, she stated,
"Well, I had my back to her pricing what I was pricing, and they told me when I finished pricing it, to put it on the side of the register, and when I finished pricing it I was to put it on the side of the register. And she put her hand against my stomach and she told me, she said, `They're holding us up.' And I just stepped back, and I stayed right there until it was all over."
Soon after the robbery, Deputy Walsdorf of the St. Charles Parish Sheriff's Office arrived at the store. He took a description of the perpetrators and the getaway car and broadcast the information not only to St. Charles Parish authorities but also to law enforcement agencies in the surrounding areas.
As State Trooper Edgar Clay was receiving the broadcast, he noticed the wanted vehicle heading east on Louisiana Highway 48 (Jefferson Highway). He started pursuit and radioed ahead for assistance. Just west of Pollock Street in Kenner, the suspects abandoned the car and fled on foot. Police canvassed the neighborhood but did not find the suspects.
Detective James Grimaldi of the St. Charles Parish Sheriff's Office investigated the robbery. After interviewing the victims and witnesses at the Kart-N-Karry, he examined the abandoned car. In it he found a pistol, two cans of beer, a bottle of Jack Daniels whiskey, some currency and a green army jacket. He also discovered several documents in the car linking it to Berry Smith Jr.
On the following day Detective Grimaldi corroborated Smith's ownership of the vehicle and obtained a driver's-license description of Smith that matched that of one of the suspects. As he was preparing an affidavit for an arrest warrant Grimaldi learned that Smith had turned himself in to Kenner authorities. Accordingly Grimaldi proceeded to Kenner and questioned Smith about the robbery.
Although Smith implicated himself in the robbery, he denied any foreknowledge of his companion's intention. He stated his companion had aimed the gun at him when ordering the cashier to open the register. At trial, Smith testified he took the money from the cash drawer because he was afraid of his companion.
Smith was tried on September 8, 1982. (A co-defendant had been charged in the same bill of information, but apparently his case was severed from Smith's prior to trial.) During the jury's deliberations, the jury foreman presented the following question to the court: "Can we recommend a verdict of leniency after a verdict for each account [sic]?"
Pursuant to LSA-C.Cr.P. art. 808, the judge responded to the query in open court:
"All right. Ladies and gentlemen, the court is going to give you an oral instruction with respect to this. As a jury, you are the judge of the law and the facts on the question of guilt or innocence. However, with respect to the imposition of the penalty, that is a function of the court. The court will tell you this that, yes, you can make a recommendation of leniency if this is what your desire is. However, that is not legally binding upon the court as such. Certainly, the court would take into consideration valid recommendations. There are certain articles that allow for concurrent sentences where you have offenses arising out of the same act, even though you have more than one count of a particular offense. By concurrent sentences, that means sentences that run together.
"I hope that has answered your question. The answer is this: that you are *437 the trier of fact, the sole triers of the facts and the law with respect to guilt or innocence but this court will impose sentence. Any recommendation you make, it will be considered but not binding, legally binding upon the court."
Following the instruction, the jury returned a verdict of "Guilty with leniency" on each count. At sentencing, the judge gave Smith 10 years' imprisonment without benefit of parole, probation or suspension of sentence.

ASSIGNMENT OF ERROR
In his brief to the court defendant asserts,
"In so instructing the Jury the Judge gave a clear implication that he would more seriously consider the Jury's request. * * * [C]onsidering the Jury's strong desire for leniency, this sentence must be interpreted as unjust and illegal and should consequently be vacated and corrected in accordance with the Jury's decision."
The apparent thrust of this argument is that the trial court erred in imposing any sentence longer than the statutory minimum.
R.S. 14:64 defines armed robbery. Its penalty provision states,
"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
Any qualification of or addition to a verdict of guilty, beyond a specification of the offense as to which the verdict is found, is without effect upon the finding. LSA-C.Cr.P. art. 817. A recommendation of mercy is not considered as a qualification of the verdict, but is regarded only as surplusage. State v. Welch, 448 So.2d 705 (La.App. 1 Cir.1984). See also State v. Doucet, 147 So. 500 (La.1933). Thus, the jury's request for leniency was not binding on the court.
Accordingly, we will examine the sentence to determine whether it is per se excessive or otherwise illegal.
The record establishes that Smith is a young first offender, married and the father of two small children. Until two or three weeks before the robbery, he was employed and supporting his family. Although he offered a justification defense, the jury obviously concluded he was a willing participant in the armed robbery.
In compliance with LSA-C.Cr.P. art. 894.1, the trial judge articulated reasons for the sentence imposed, taking into account both the aggravating and mitigating circumstances of the case. He observed that armed robbery is "one of the most serious offenses that could be committed." Such a fact is a proper sentencing consideration. See State v. Douglas, 389 So.2d 1263 (La.1980). In mitigation, the judge conceded, the defendant had no criminal history. He indicated he was aware that Smith has a wife and two young children. He also noted that Smith carried no weapon during the robbery.
The trial judge need not articulate every aggravating and mitigating circumstance listed in Article 894.1 if the record reflects that he adequately considered the guidelines in particularizing the sentence to the defendant. State v. Davis, 448 So.2d 645 (La.1984). Even absent compliance with Article 894.1, it is unnecessary to remand for resentencing if the sentence is not apparently severe in relation to the particular offender or the offense actually committed. See State v. Davis, supra.
The minimum sentence under R.S. 14:64 is five years and the maximum is 99, all without benefit of parole, probation or suspension of sentence. The ten-year sentence imposed is much closer to the statutory minimum than to the maximum. It is apparent that the single sentence imposed on the defendant for the three convictions was intended to be ten years for each count, served concurrently.
The record establishes that the sentence was neither imposed without proper reflection *438 nor was it so "apparently severe" as to require further justification.
The trial judge told the jury he would consider any recommendation of leniency they gave. It clearly was his intent to show leniency. He stated in the sentencing hearing,
"Because you are youthful, because you have a wife, because you have two young children, I am giving you this ten years which I consider a break. You will still be a young man at the time you get out of prison.
"Accordingly, I hope that you will go to prison, that you will earn the good time that you can earn in prison, and that when you come out you will have learned your lesson and you will be a good citizen."
What constitutes an excessive sentence is a relative matter. A sentence such as the one before us, approximately one-tenth of the maximum prescribed for the crime, could be considered lenient.
The record shows no abuse of the trial judge's wide discretion in sentencing. Further, the sentence imposed does not conflict with the judge's assurances to the jury that he would consider their recommendation of leniency.

PATENT ERROR
Despite the fact that Smith was convicted of three counts of armed robbery, the trial judge imposed only a single sentence of ten years at hard labor. Technically this constitutes an invalid sentence, or at least a defective one. Accordingly, it is an error patent on the face of the record and we are required to address the issue. LSA-C.Cr.P. art. 920.
Although the trial judge apparently intended to impose three concurrent ten-year sentences, he failed to articulate that intent in pronouncing sentence. Consequently the minute entry reflects only the single sentence.
Sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive unless the offender poses an unusual risk to the public. State v. Scherer, 437 So.2d 276 (La.1983).
Berry Smith Jr. is neither a habitual nor a dangerous criminal. Thus consecutive sentences would not be appropriate. There is nothing to indicate the single sentence imposed on him was intended to be other than ten years for each count, served concurrently.
We dealt with a similar situation recently in State v. Barousse, 442 So.2d 1220 (La. App. 5 Cir.1983). The defendant had pleaded guilty to two counts of simple crime against nature but was given a single sentence of three years' imprisonment. We noted that the single sentence appeared to be error but declined to remand the case for resentencing or clarification.
"* * * Because the single sentence imposed, three years, is considerably less than the statutory maximum that could have been imposed for one count alone, we find the judge's omission to mention the two counts did not affect the substantive rights of the defendant. * * *" 442 So.2d at 1222.
The same rationale applies to the sentence now before us. Because the sentences for each count would more appropriately be concurrent rather than consecutive, and ten years is a reasonable sentence under the circumstances, the single ten-year sentence does not affect Smith's substantive rights. Accordingly, we shall not remand for resentencing.
For the foregoing reasons, the sentence on appeal is affirmed.
AFFIRMED.