COLE, Judge.
Defendant Joseph Haslom was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. Following a Boykin hearing, defendant pled guilty. Subsequently, he filed a motion to withdraw his guilty plea. The motion was denied by the trial court. Defendant was sentenced to serve five years at hard labor, with credit for time served, to run concurrently with any other sentence he may be serving. He appeals this conviction and sentence citing five assignments of error.[1]
FACTS
On June 24, 1983, a Baton Rouge police officer observed what he termed a “suspicious vehicle” parked in the 4500 block of Charles Street. As the vehicle drove off, the police officer followed. The vehicle stopped at 3750 Cleo Court, a vacant house. The two males in the vehicle, one of whom was defendant, got out, took an air-conditioning unit from the vacant house and put it into the vehicle. The officer followed the men to a residence at 4623 Mohican Street. The officer approached the two men, advised them of their rights and questioned them as to their possession of the air-conditioning unit. They stated they had obtained the unit from a residence at 3423 Progress Street, rather than from the residence where the officer had observed them taking the unit. The officer then placed the two men under arrest.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends the trial court erred by not granting a motion to withdraw his guilty plea. He asserts two grounds for his contention. First, a plea bargain was made and broken and second, he did not knowingly and intelligently waive his rights at the Boykin hearing. We find these assertions to be without a basis in fact.
Discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, can not be exercised arbitrarily and abuse of discretion can be corrected on appeal. La.Code Crim.P. art. 559; State v. Johnson, 406 So.2d 569 (La.1981). However, a defendant has the right to withdraw a guilty plea when it has been made as part of a plea bargain and the bargain is broken. State v. Clark, 414 So.2d 369 (La.1982).
No bargain was broken in the present case. Defendant claims his sentence was to run concurrently with and not to exceed a previously imposed sentence of one year. Our examination reveals no promise was made that the sentence was not to exceed one year. The trial court indicated, pursuant to a recommendation of the District Attorney's Office, the sentence imposed would run concurrently with another sentence defendant was serving. Defendant was represented by a public defender and had served prior sentences. There is nothing in the record to lead this court to believe the defendant was not fully informed as to what the term “concurrent” meant. Accordingly, our review is limited to an examination of the Boykin hearing. From the colloquy presented we are satisfied defendant thoroughly understood the rights he was waiving by his guilty plea and that those rights were voluntarily waived. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Defendant contends the trial court erred in permitting impeachment of his witness by cross-examination as to a prior arrest. The witness, Lionel Brown, was believed to be and, in fact, was an accomplice to defendant’s crime. Mr. Brown had *1356 been named on the bill of information, along with defendant, as Carl Warner a/k/a Billy Williams. In this context it is proper to question the witness as to his use of other names or whether he had been arrested in connection with the matter before the court. La.R.S. 15:492; State v. Robinson, 337 So.2d 1168 (La.1976). This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 5
Defendant contends the court committed reversible error by not furnishing him with a copy of his “rap sheet” pursuant to his discovery motion.
The record reflects Haslom was arraigned on November 9, 1983. At that time he was given 15 days to file pretrial motions. La.Code Crim.P. arts. 521 and 729. This 15 day period expired on November 28, 1983. (November 24 to 27 were legal holidays.) The discovery motion was not filed by Haslom’s counsel until November 30, 1983. However, on December 6, 1983, the district court signed an order for the State to file an answer to the discovery interrogatories on or prior to January 17, 1984, or show cause on that date why the answers should not be filed. On January 17, 1984, the court conducted a preliminary examination at which the State presented no evidence, and, thus, Haslom was released from his bail obligation. No other action was taken and the record reflects no objection by Haslom. Failure of Haslom to contemporaneously object to the nonconsid-eration of his discovery motion waives the objection. La.Code Crim.P. art. 841; State v. Willis, 438 So.2d 605 (La.App. 3d Cir. 1983) and the cases cited therein.
On February 1, 1984, Haslom pled guilty to the charge. A plea of guilty waives all nonjurisdictional defects in the proceeding prior to the plea unless the defendant specifically reserves his right to raise the objection on appeal. State v. Crosby, 338 So.2d 584 (La.1976). The record shows Haslom did not reserve any rights for a Crosby appeal.
On February 23, 1984, Haslom filed a pro se motion for production of his criminal record. This motion was not filed within the time limits set by La.Code Crim.P. arts. 521 and 729 (or the court order herein) and was not authorized by the Code of Criminal Procedure. The record reflects Haslom did not secure court authority to file the motion. The record does not reflect that this discovery motion was served on the State or brought to the court’s attention.
Assuming the defendant may raise this question on appeal, a failure to comply with the discovery procedures does not automatically dictate a reversal and the grant of a new trial. Only when the defendant can be shown to have suffered prejudice due to nondisclosure will a reversal be warranted. State v. Strickland, 398 So.2d 1062 (La.1981).
Defendant entered a plea of guilty. His nondisclosed rap sheet was considered in determining his sentence. Arguably, defendant would not have entered his plea of guilty if he was aware of the use of the rap sheet. However, the use of the rap sheet did not cause defendant prejudice. The sentence imposed was five years. This court views such a sentence as lenient. Defendant was aware of his prior criminal activities. In fact, he may have been prosecuted as a habitual offender. La.R.S. 15:529.1. Considering the overwhelming evidence against defendant and the possibility he would be assigned a greater sentence after a new trial, we view the defendant as having received the benefit of his plea. Therefore, defendant was not prejudiced by the nondisclosure of his rap sheet. Cf. State v. Meshell, 392 So.2d 433 (La. 1980), for an example of what is considered prejudice stemming from nondisclosure of a rap sheet. In addition, at the sentencing the district court recited Haslom’s extensive prior criminal record in the reasons for sentence. Neither Haslom nor his counsel tried to correct any of the information recited by the court. No motion was filed in the district court to traverse the information. In his argument on this assignment of error, Haslom contends “the record contains charges, used against him to determine his sentence, which he wanted to dispute.” Haslom does not state which *1357 charges recited by the court he wishes to dispute or how the charges recited by the court are in error. Thus, we have no evidence or factual allegation before us to show error. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 4
Defendant contends error was committed by imposing an excessive sentence and by failing to follow the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. This contention is without merit.
We have reviewed the sentencing transcript and find the trial court more than adequately complied with the 894.1 criteria. Defendant’s criminal record is extensive and justifies the position of the trial court that defendant is in need of correctional detention and that during a probated period he might commit another crime.
A sentence may be within statutory limits and still be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). The maximum sentence for simple burglary is twelve years. La.R.S. 14:62. Defendant was sentenced to 5 years. However, in view of defendant’s criminal record, we find no abuse of discretion by the imposition of this sentence by the trial court. Accordingly, we do not find defendant’s sentence excessive.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant has raised 5 assignments of error. However, he has not briefed assignment of error number 1. This assignment of error is therefore considered abandoned. Uniform Rules — Courts of Appeal; Rule 2-12.4.