517 So.2d 371 (1987)
STATE of Louisiana
v.
Leon BATISTE.
No. 86-KA-666.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1987.
*372 George Ann Hayne Graugnard, Asst. Dist. Atty., Edgard, for plaintiff/appellee.
Becnel, Landry & Becnel, Reserve, for defendant/appellant.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant Leon Batiste was charged on June 27, 1983 with two counts of armed robbery, in violation of LSA-R.S. 14:64. Batiste initially pled not guilty but on the day of trial, October 17, 1983, he withdrew his former plea of not guilty and entered pleas of guilty as charged. After being advised of his rights as per the dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Batiste was sentenced by the trial court to sixty years at hard labor. However, on September 2, 1986 pursuant to a postconviction challenge to the voluntariness of his guilty plea and the severity of his sentence, Batiste was resentenced by the trial court to fifteen years. It is from this judgment that the defendant appeals, again challenging the voluntariness of his guilty plea and the severity of his sentence.
The undisputed facts show that on June 15, 1983, the defendant and a co-accomplice robbed at gun point two tellers at the Bank of St. John in Garyville, Louisiana of $9,204.
The defendant is before this Court contending that the trial court erred:
(1) when it refused to allow him to withdraw his alleged involuntary guilty plea and elect either to proceed to trial or plead guilty to a ten year prison term,
(2) when it refused to rearraign or re Boykinize him prior to reducing his sixty year prison term to fifteen years, and
(3) when it imposed an excessive fifteen year prison term in violation of his right to equal protection, and without compliance with mandatory sentencing guidelines, LSA-C.Cr.P. art. 894.1.
Where a promise or plea-bargain is made then broken, the defendant has the right to withdraw the plea. State v. Clark, 414 So.2d 369 (La.1982). But the expectation of a lesser sentence than the one imposed will not undermine the voluntary nature of the plea. State v. Clark, supra.
Defendant argued at his resentencing that his guilty plea was involuntary because made on the representation from *373 his attorney that he was to receive "thirty years" and "be out in five."
Our review of Batiste's October 17, 1983 Boykin coloquy and his signed "Plea and Waiver" entered on the armed robbery charges does not reveal any breached plea bargain or any representation that might have led Batiste to reasonably believe that his plea was to a thirty year sentence with parole in five years. Accordingly, the trial judge did not err when he refused to allow Batiste to withdraw his guilty plea.
Regarding the defendant's contention that he should have been rearraigned and reBoykinized prior to resentencing, it was simply not required there being no new plea entered.
Regarding the fifteen year prison term, defendant argues principally that it denied him equal protection of the law apparently because both he (a first felony offender) and his co-accomplice (a multiple offender) received a like fifteen year sentence.
The Equal Protection Clause only dictates that all defendants be afforded the same sentencing considerations and does not compel any particular result. State v. Day, 414 So.2d 349 (La.1982). Absent a penalty which is so disproportionate as to shock our sense of justice, a trial court is given great discretion in imposing sentence within statutory limits and the sentence should not be set aside absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La.1982). Furthermore, a sentence will not be remanded by this Court to the trial court because of its inadequate compliance with LSA-C.Cr.P. art 894.1 unless a review indicates that the sentence is apparently severe or without record justification. State v. Gordon, 504 So.2d 1135 (La.App. 5 Cir.1987).
Batiste's potential sentencing exposure was from five to ninety-nine years, making his fifteen year prison term in the lower range of the sentencing scale. Moreover, the post-sentence investigation report relied on by the trial court shows that while Batiste is a first felony offender, he has had a previous arrest for first degree murder in LaPlace, Louisiana, and arrests dealing with narcotics in San Francisco, California. This, together with the instant conviction for armed robbery, an extraordinarily serious crime, justify the fifteen year sentence imposed. State v. Washington, 414 So.2d 313 (La.1982); State v. Jones, 412 So.2d 1051 (La.1982).
We are further urged by the defendant to review the record for errors patent. LSA-C.Cr.P. art. 920. A review of the record reflects two such errors. First, despite the fact that Batiste was charged with two counts of armed robbery, and pled guilty to these charges, the trial judge imposed only the single sentence of fifteen years. This appears to be an error patent. Similar errors have been addressed by this Court in State v. Mitchell, 476 So.2d 825 (La.App. 5 Cir.1985) (the defendant was convicted of three counts of negligent homicide and sentenced to a single term of five years), State v. Smith, 461 So.2d 434 (La.App. 5 Cir.1984) (the defendant was convicted of three counts of armed robbery and was sentenced to a single term of ten years), and State v. Barousse, 442 So.2d 1220 (La.App. 5 Cir.1983) (the defendant pled guilty to two counts of simple crime against nature and was sentenced to a single term of three years). In each case, we noted that patent error existed in the imposition of a single sentence for convictions on more than one count, but declined to remand the case for clarification or resentencing. When the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term of imprisonment is a reasonable sentence under the circumstances, the single sentence will not affect the substantial rights of the defendant and remand for clarification or resentencing is not necessary. C.Cr.P. art. 921; State v. Mitchell, supra; State v. Smith, supra; State v. Barousse, supra.
A second error patent is that the trial court failed to require that the defendant's sentence of fifteen years be served without benefit of probation, parole or suspension of sentence as provided in LSA-R. S. 14:64. Thus, this sentence is unlawfully *374 lenient. However, this Court in State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir. 1986) stated that when the state failed to raise the issue of an illegally lenient sentence, by motion or by argument to the Court, the error would not be corrected.
For these reasons, the conviction and sentence of the defendant, Leon Batiste, are affirmed.
AFFIRMED.