846 So.2d 60 (2003)
STATE of Louisiana
v.
David HEBERT.
No. 02-KA-1252.
Court of Appeal of Louisiana, Fifth Circuit.
April 8, 2003.
*61 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant-Appellant, David Hebert.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Parish of Jefferson, State of Louisiana, Thomas J. Butler, Terry M. Boudreaux, Assistant District Attorneys/Appellate Counsel, Donald A. Rowan, Jr., Frank A. Brindisi, Assistant District Attorneys/Trial Counsel, Gretna, LA, for Plaintiff-Appellant, The State of Louisiana.
*62 Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
David Hebert was convicted of distribution of hydrocodone and distribution of alprazolam on pleas of nolo contendere. He appeals his convictions under State v. Crosby, 338 So.2d 584 (La.1976), challenging the validity of the basis for the search of his home that disclosed the narcotics. We affirm.
On March 23, 2002 the defendant was charged in a bill of information with violation of La.R.S. 40:967(A) by distribution of hydrocodone and violation of La.R.S. 40:969(A) by distribution of alprazolam. He entered a plea of not guilty and filed several pretrial motions, including a motion to suppress his statement and a motion to suppress the physical evidence.
The trial commenced on October 30, 2002 with selection of a twelve-member jury. Outside the jury's presence, the court heard and denied the motion to dismiss. The trial then proceeded and the State made its opening statement. The defense then orally moved to reopen the motions to suppress and the court granted a second hearing on suppression. The defendant presented additional testimony, but the trial court again denied the motions to suppress.
The defendant then withdrew his not guilty plea and entered a plea of nolo contendere, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial court's ruling on the motions. The trial court conducted a plea colloquy and accepted the defendant's nolo plea. The defendant subsequently was sentenced to two years on home incarceration, to be served concurrently.

FACTS
At the hearing on the motions to suppress, Sergeant Jason Renton testified that on March 23, 2002 he conducted surveillance of 628 Terrace Street as the result of complaints from neighbors regarding possible narcotic activity. He observed that cars would come to the residence and leave after staying a short time. Sergeant Renton believed this activity was related to narcotics trafficking and he requested assistance from Sergeant Bruce Harrison.
When Sergeant Harrison arrived, he and Sergeant Renton decided to conduct a knock-and-talk investigation. Renton knocked on the door of the residence and David Hebert answered. Sergeant Renton advised Hebert that he was conducting a narcotics investigation and Hebert let him inside. Once inside, Renton advised Hebert of his rights and Hebert executed a Rights of Arrestee or Suspects form. Renton explained about the complaints of activity coming and going from the residence and asked to search the house. Renton testified that Hebert appeared startled and told Renton he had a small amount of marijuana. Hebert gave Renton a film canister that had a residual amount of marijuana.
Hebert then signed a consent search form. Sergeant Renton searched the home and found valid prescription pill bottles of Vicodin (hydrocodone) and Xanax (alprazolam). The prescriptions were for the defendant's wife and had been filled that day. Renton noted, however, that numerous pills were missing from each bottle. He questioned Hebert about the missing pills and Hebert told him he was selling the pills to get through a difficult time. Sergeant Renton then arrested Hebert. Hebert subsequently gave a recorded statement, in which he admitted *63 selling his wife's prescription narcotic drugs.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court's ruling on the motion in limine was in error.
The defendant argues the trial court erred in denying his motion in limine, in which he sought to exclude all hearsay testimony from the police regarding the reason the police conducted surveillance of the defendant's home.[1] Specifically, he sought to exclude testimony that the police had received complaints from neighbors regarding narcotics-related activity.
The State claims the defendant did not preserve this issue for appeal because he did not specifically reserve his right to appeal the denial of his motion in limine.
After the denial of the defendant's motions to suppress the evidence and his statement, the defendant made an oral motion in limine to exclude as hearsay any testimony "from the police officer as to receiving information from an anonymous or confidential ... informant." The trial court denied the motion in limine.
There followed some discussion about evidence referencing the defendant's past marijuana arrest. The trial court warned that if such evidence were presented to the jury, it would be grounds for a mistrial. The prosecutor agreed and stated he would not refer to any such evidence. At the end of the discussion, defense counsel was asked by the clerk to clarify what exactly his motion in limine was. Defense counsel responded, "I didn't want them to make any reference to hearsay evidence as to why the cop was there."
Trial commenced with the charges being read and the State giving its opening statement. Prior to giving his opening statement, however, defense counsel advised the court he wished to reopen the motion to suppress to present testimony from the defendant and his wife as to what happened. The jury was removed and the defendant was allowed to present additional evidence on the motions to suppress.
The trial court again denied the motions to suppress. The defendant then withdrew his not guilty pleas and tendered an oral plea of nolo contendere to the charges under Crosby "to allow [the defendant] to appeal his motions today."[2]
A plea of nolo contendere is equivalent to an admission of guilt and, with the exception of its being inadmissible in a civil trial, is treated as a guilty plea. La.C.Cr.P. art. 552(4); State v. Villarreal, 99-827, p. 4 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, writ denied, 00-1175 (La.3/16/01), 786 So.2d 745. An unqualified guilty plea waives all non-jurisdictional defects in the proceedings prior thereto and precludes review thereof either by appeal or post-conviction relief. State v. Crosby, 338 So.2d 584, 588 (La.1976). A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Cox, 02-0333, p. 5 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 523-524.
The State asserts that the defendant failed to preserve his right to appeal the ruling on the motion in limine, citing this Courts recent decision in State v. Joseph, *64 02-717 (La.App. 5 Cir. 1/14/03), 839 So.2d 103.[3] In Joseph, the defendant filed a motion to suppress evidence that was denied. He then filed a motion to exclude expert testimony, which also was denied. The defendant then moved for a continuance and that was denied. All these motions were heard and denied over a two-week period.
The day after his motion in limine and motion for a continuance were denied, the Joseph defendant pleaded guilty under Crosby. He executed a Waiver of Constitutional Rights form that stated he was pleading guilty under Crosby; during the plea colloquy, the trial judge noted that the plea was tendered under Crosby. However, at no time during the proceedings did the defendant mention which adverse rulings he sought to reserve for appeal under Crosby. On appeal, the defendant challenged the denial of his continuance or, alternatively, the denial of his motion in limine. This Court concluded that, although the defendant had objected to the rulings on the motion to suppress, the motion in limine and the motion for continuance, the defendant failed to preserve his right to appeal these issues because there was no indication in the record as to which of the rulings, if any, he wanted to appeal under Crosby.
The case before us is distinguishable, however. Here, the trial court ruled on the defendants motions to suppress statement and evidence and motion in limine on the same day. The Waiver of Constitutional Rights form broadly states that the defendant reserves his right to appeal all motions in this case. Further, at the time he entered his Crosby plea the defendant expressly stated he reserved his right to appeal "his motions today." The record shows that the motions heard on that day were the motions to suppress statement and evidence and motion in limine. Thus, the defendant made known those adverse rulings he wished to appeal, despite failing to identify the motions and rulings specifically. Therefore, we find the defendant preserved his right to appeal the ruling on the motion in limine.
The defendant's oral motion in limine sought to exclude testimony from the police officers regarding the reason they conducted surveillance on the defendant's residence, on the grounds it was hearsay.[4]
Hearsay is an oral or written assertion, other than the one made by the declarant while testifying at the present trial, offered in evidence to prove the truth of the matter asserted. La.C.E. art. 801(A)(1) and (C). Hearsay evidence is not admissible except as otherwise provided by the Louisiana Code of Evidence or other legislation. La.C.E. art. 802; State v. Dyer, 00-1866, p. 14 (La.App. 5 Cir. 4/25/01), 794 So.2d 1, 12.
The testimony of a police officer may include information provided by another individual without constituting hearsay, if offered to explain the course of a police investigation and the steps leading to the defendant's arrest. State v. Cho, 02-274, pp. 17-18 (La.App. 5 Cir. 10/29/02), 831 So.2d 433, 447. However, the Louisiana Supreme Court has cautioned, "[T]he fact that an officer acted on information obtained during the investigation may not be used as an indirect method of bringing before the jury the substance of the out-of-court assertions of the defendant's guilt *65 that would otherwise be barred by the hearsay rule." State v. Broadway, 96-2659 (La.10/19/99), 753 So.2d 801, 809, cert. denied, 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000).
In State v. Young, 99-1264, p. 9 (La. App. 1 Cir. 3/31/00), 764 So.2d 998, 1005, the police officer testified that he had received numerous complaints from citizens in the neighborhood that there had been a lot of narcotic traffic on a certain road. On appeal the defendant challenged the testimony as inadmissible hearsay. The court of appeal determined the testimony was not hearsay because the testimony was used to explain the course of the police investigation and why the officer specifically went to the area.
On the other hand, in State v. Thompson, 98-988, p. 6 (La.App. 4 Cir. 1/26/00), 752 So.2d 293, 297, the Fourth Circuit concluded the police officer's testimony regarding an informant's tip was inadmissible hearsay. In Thompson, the officer testified that he initiated a narcotics surveillance of the location based on information that he had received. The officer then testified that he had been given a first name and a description from the informant and that he confirmed the information given to him. The court of appeal found the officer had gone beyond simply explaining that he had received a tip concerning illegal activity at a certain location which led him to conduct surveillance at that location, when he stated that had he confirmed the first name and description given to him. The court explained that, although the officer did not go into detail concerning the information he had received by telling the jury the name and description, the jury could nevertheless have inferred that the defendant was the person whose first name and description were confirmed by the officer. The court ultimately determined, however, that the erroneous admission of the hearsay was harmless error. Id.
In the present case, Sergeant Jason Renton testified at the motion to suppress hearing that he "received complaints from the neighbors about activity cominggoing and coming from the residence, which they believed were narcotics-related." Sergeant Renton explained that this information led him to conduct surveillance of the residence. This testimony is more similar to the testimony in Young than in Thompson because here the officer's testimony did not identify the defendant in any way as the person involved in the suspected narcotics trafficking. Rather, Sergeant Renton's testimony merely explained the course of his investigation and why he went to 628 Terrace Street.
Therefore, Sergeant Renton's testimony does not constitute impermissible hearsay and the trial court did not err in denying the defendant's motion in limine to exclude the testimony.

ASSIGNMENT OF ERROR NUMBER TWO
Assigned as error are all errors patent.
As requested by the defendant and following our usual procedure, we reviewed the record for patent errors. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We found patent errors that require no correction. However, we shall discuss them for the sake of completeness.
1. Imposition of Single Sentence for Two Convictions
Although the defendant was convicted of two charges, the trial court imposed only one two-year sentence. The trial court must impose a separate sentence for each separate count on which a *66 defendant is convicted. State v. Narcisse, 01-49, p. 9 (La.App. 5 Cir. 6/27/01), 791 So.2d 149, 155, writ denied, 01-2231 (La.6/14/02), 817 So.2d 1152. Although the failure to impose a sentence for each count is considered a patent sentencing error,[5] there is an exception to this general rule:
When the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term of imprisonment is a reasonable sentence under the circumstances, the single sentence will not affect the substantial rights of the defendant and remand for clarification or resentencing is not necessary.
State v. Batiste, 517 So.2d 371, 373 (La. App. 5 Cir.1987).
If the defendant is convicted of two or more offenses based on the same transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883.
In Batiste, supra, the defendant and an accomplice robbed two bank tellers at gunpoint. The defendant pleaded guilty to two counts of armed robbery, but the trial judge imposed a single sentence of 15 years. In upholding the defendants single sentence, this Court obviously determined that the sentences on each count would more appropriately be served concurrently.
However, in State v. Joseph, 96-187, p. 20 (La.App. 5 Cir. 11/14/96), 685 So.2d 237, 248-249, writ granted in part and remanded for resentencing, 96-2998 (La.5/9/97), 693 So.2d 782, this Court declined to uphold the defendant's single sentence for his convictions on multiple counts of distribution of cocaine. Instead, we vacated the defendant's sentence and remanded the matter for resentencing. We found the three offenses involved three separate distinct drug transactions that were not part of a common plan. We concluded the sentences should be served consecutively and each sentence must be imposed separately.
In the present case, the facts presented at the motion hearing indicate the distribution of hydrocodone and of alprazolam were part of a common plan or scheme. Accordingly, the presumption in favor of concurrent sentences arises. The sentencing range for the distribution of hydrocodone is between two and thirty years and the sentencing range for the distribution of alprazolam is not more than ten years. The defendant's two-year sentence, while light, does not appear unreasonable in light of the facts of the case. Based on the rationale of State v. Batiste, supra, there is no need to remand the matter for clarification or resentencing despite the failure of the trial court to impose separate sentences on the two separate counts for which the defendant was convicted.
2. Failure to Specify Conditions of Home Incarceration
La.C.Cr.P. art. 894.2(C) provides in pertinent part, "The court shall specify the conditions of home incarceration when it imposes such sentence upon the defendant." The trial court in this case failed to specify the conditions of home incarceration at the time of sentencing. This Court has recognized the failure to comply with this requirement as a patent error and remanded the matter for a hearing regarding the conditions of home incarceration. See, State v. Parent, 01-50, p. 8 (La.App. 5 Cir. 5/30/01), 788 So.2d 685, 690; State v. Loupe, 00-165, p. 5 (La.App. 5 Cir. 8/29/00), 767 So.2d 884, 887.
*67 In this case, the record shows the defendant signed a form entitled Conditions of Watch Patrol Home Incarceration, which sets forth conditions of home incarceration. We conclude this sufficiently informs the defendant of the conditions of his home incarceration and a remand for a hearing regarding the conditions is unnecessary.[6]
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The defendant does not appeal the denial of his motions to suppress the evidence or his statement.
[2] The defendant executed a waiver of rights form in connection with his plea that indicated the plea was "tendered under St. vs Crosby to allow appeal of all motions in this case."
[3] Writs in State v. Joseph were filed with the Louisiana Supreme Court on February 3, 2003.
[4] The police received information from anonymous sources about activity coming and going from the residence.
[5] State v. Soco, 94-1099 (La.App. 1 Cir. 6/23/95), 657 So.2d 603.
[6] Article 894.2 also requires defendant receive a certificate of the conditions of home incarceration. In State v. Price, 583 So.2d 499 (La.App. 3 Cir.1990), writ denied, 589 So.2d 494 (La.1991), the Third Circuit held that the defendant failed to establish prejudice by not receiving the certificate of conditions because the trial judge had informed defendant of his conditions of home incarceration. The Price court noted that the purpose of a certificate of conditions for home incarceration is to assure that a defendant has adequate knowledge of a special or unusual condition, the violation of which may result in revocation. The same could be argued about the judge informing defendant of the conditions. If defendant signed a written copy of the conditions of home incarceration, he arguably has adequate knowledge of the conditions.