519 So.2d 246 (1988)
STATE of Louisiana
v.
Kenneth ROGERS.
No. 87-KA-423.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
*247 Martha E. Sassone, Indigent Defender, Gretna, for Kenneth Rogers.
Dorothy Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna (Louise Korns, of counsel), for State.
Before BOWES, GAUDIN and WICKER, JJ.
BOWES, Judge.
Defendant, Kenneth Rogers, was indicted by the grand jury of violation of LSA R.S. 14:42.1, forcible rape. On motion of defendant, a sanity hearing was held and it was determined that the defendant was legally sane and competent to stand trial. The defendant elected to be tried before a judge alone, was found guilty as charged, and sentenced to ten years at hard labor with credit given for time served. Defendant appeals his conviction and sentence.
The facts of the case are as follows. On the morning of March 17, 1984, after teaching a children's dance class, the victim returned to her apartment, where she stopped to drop off her purse. She immediately left the apartment to get her mail from the apartment complex mailboxes. On her way, she encountered the defendant, who told her he was a new resident there. He then asked if she would like to play tennis with him, but the victim declined the invitation. However, she did continue to speak with him. On the return from the mailboxes, the defendant asked her if she would like to see where he lived. She agreed to go with him, but stated she could only stay a minute.
The defendant's abode was an upstairs efficiency apartment. Upon arriving there, the defendant walked in first, followed by the victim, who proceeded directly to the balcony to experience the view of the swimming *248 pool from an upper floor. When she turned back into the apartment, the defendant grabbed her by the breast. She tried to push him away, but was unsuccessful. When she asked "What is wrong? Are you crazy? I didn't come up here for this," the defendant got angry and pushed her toward the bed. He told her if she screamed he would kill her. He then pushed her onto the bed, sat on her legs, and told her to get undressed. She explained that she couldn't get undressed while he was sitting on her, and, when he released her, she ran for the door, but he caught her by the neck before she could escape and held her while he pulled at her clothes and his own. At that time, he put her on the bed and proceeded to rape her.
After completion of the act, he lay on top of her and begged her not to get him in trouble. When she was free, the victim got partially dressed and returned to her apartment, where she called the apartment complex manager and the police. She was taken to Lakeside Hospital where she was examined and seminal fluid was found.
Later that evening, the defendant was arrested when he returned to his apartment. He testified that although he did have sexual intercourse, it was the victim who initiated it and all acts were consensual.
On appeal, defendant presents four assignments of error:
1. The trial court erred in denying defendant's motion for a new trial.
2. The trial court erred in finding defendant guilty of forcible rape when the evidence was insufficient to support such a finding.
3. The trial court erred in sentencing the defendant to a term of ten (10) years at hard labor.
4. Also assigned as error are any and all errors patent on the face of the record.
Assignment of Error Nos. 1 and 2[1]
Defendant urges that this court examine the record of the case to determine whether, as a matter of law, the evidence presented at trial was sufficient to prove all elements of the crime alleged.
Defendant was charged under LSA-R.S. 14:42.1 with the crime of forcible rape. This statute defines forcible rape as:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Consequently, to prove the charge of forcible rape, the prosecution has the burden of proving that (1) anal or vaginal intercourse occurred, (2) without the lawful consent of the victim, (3) the victim's resistance is prevented by force or threats of physical violence, and (4) the victim reasonably believes that such resistance would not prevent the rape. State v. Richardson, 425 So.2d 1228 (La.1983).
In the instant case, there was no dispute that sexual intercourse occurred. Both the victim and the defendant testified to penetration and the examining physician at Lakeside Hospital testified that he found seminal fluid. Therefore, the issues to be determined are: (1) whether or not the intercourse took place without consent of the victim; (2) whether her resistance was prevented by force or threats; (3) and did she reasonably believe such resistance would not prevent the rape.
The victim testified that when she attempted to push the defendant away, he told her that if she screamed he would kill her. Further, she stated that she believed if she resisted, or tried to fight back, that he would have hurt her. Finally, when she did get free for a moment and ran to the door, he followed her, grabbed her by the neck and held her until the actual intercourse took place.
*249 Although the lack of voluntary consent on the part of the victim was contradicted by the defendant, the fact finder obviously found the victim's testimony more credible and rejected the defendant's testimony. Certainly, the victim's testimony seems logical and we do not find that determination in error. State v. Green, 463 So.2d 657 (La.App. 4 Cir.1985).
The conviction in this case obviously turned on credibility of witnesses and such credibility is legally and properly determined by the trier of fact. State v. Arnaud, 412 So.2d 1013 (La.1982). When the testimony is conflicting, the credibility of witnesses is a matter within the sound discretion of the trier of factin this case, the trial judge alone. Factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983) and State v. Klar, 400 So.2d 610 (La.1981); State v. Cobbs, 350 So.2d 168 (La.1977); State v. Butler, 450 So.2d 764 (La.App. 5 Cir.1984).
Thus, we find that the State has proven the requisite elements of the offense. This assignment lacks merit.
Assignment of Error No. 3
Defendant argues that his sentence of ten years at hard labor is excessive. Forcible rape is punishable by imprisonment "at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." LSAR.S. 14:42.1(B). Here the defendant was sentenced to serve ten years at hard labor, but the trial judge did not specify that two years of that sentence was to be served without benefit of probation, parole or suspension of sentence as mandated by LSAR.S. 14:42.1(B). When these restrictions are placed on a sentence by law, as in the instant case, and the trial judge fails to impose them, the sentence is "illegally lenient." State v. Robertson, 459 So.2d 581 (La.App. 5 Cir. 1984).
A reviewing court faced with an illegal sentence is guided by LSA-C.Cr.P. art. 882:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state;
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
The State did not object to the sentence when it was imposed and did not apply to the trial court for correction of sentence. However, in State's brief, it is argued that not only is the sentence as imposed not excessive, but, additionally, that it is illegally lenient and for this reason should be remanded for resentencing.
This court has ruled "that where the State in its brief called the court's attention to an illegally lenient sentence and requested that the case be remanded to the trial court so that the sentence can be corrected, as was done here, that this constituted an application for review by the State." State v. Hardan, 501 So.2d 848 (La.App. 5 Cir. 1987); State v. Sepcich, 473 So.2d 380 (La. App. 5 Cir.1985) Appeal after Remand 485 So.2d 559 (La.App. 5 Cir.1986).
Based on the facts above, we find that the sentence in the instant case is illegally lenient, has been properly brought to our attention, and must be set aside. Although an appellate court can in some instances simply correct a sentence under LSA-C.Cr.P. art. 882, it appears that if the resentencing involves sentencing discretion by the trial judge that the case should be remanded. The reasoning behind this procedure is that in cases where the trial judge simply overlooked the "without benefit" provision of a statute, as in this case, a reviewing court cannot determine whether the trial judge may have imposed a more lenient sentence if the prosecution had pointed out the restriction to him. State v. Jackson, 452 So.2d 682 (La.1984). Consequently, the instant case must be remanded for resentencing.
Since we have determined that the illegal sentence should be set aside and the *250 case remanded, we pretermit discussion of defendant's assignment of error with respect to whether his sentence is excessive.
Accordingly, as we have determined that the sentence in the instant case is illegally lenient and resentencing will require judicial discretion, the sentence will be set aside and the case remanded for resentencing.
Assignment of Error No. 4
Defendant assigns as error any and all errors patent on the face of the record.
LSA-C.Cr.P. art. 920 provides "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Falls, 508 So.2d 1021 (La.App. 5 Cir.1987).
Our examination of the record reveals that a patent error exists in that the substance of the indictment does not contain the citation of the statute of which the defendant is charged with violating. However, the proper statute citation is included on the front of the indictment and the substance of the indictment does state the essential facts constituting the offense charged in compliance with LSA-C.Cr.P. art. 464.[2]
The Supreme Court addressed this issue in State v. Sims, 426 So.2d 148 (La.1983), in which they held: "Failure to cite the correct criminal statute number is a technical deficiency in the bill of information which is not grounds for reversal unless the defendant can show surprise or lack of notice which causes prejudice."
In the instant case, the indictment was sufficiently informative so that the defendant was not surprised or suffered a lack of notice which caused him any prejudice.
We find that another patent error exists in that the record also indicates the trial judge did not wait the required twenty-four hours after denial of the Motion for a New Trial to impose the sentence, contrary to the provisions of LSA-C.Cr.P. art. 873.[3] The defendant was convicted on January 6, 1987, sentencing was set for March 12, 1987, and a pre-sentence investigation was ordered. At the sentencing hearing on March 12, 1987, the defendant filed a Motion for New Trial. The trial judge denied the motion and immediately sentenced the defendant.
Without a showing of prejudice towards the defendant, failure to observe the twenty-four hour delay is harmless error. State v. White, 404 So.2d 1202 (La.1981); State v. Robinson, 463 So.2d 50 (La.App. 5 Cir. 1985). In the present case, there was more than a month in between the conviction and sentencing. There was a pre-sentence investigation ordered and there are no indications that the defendant's sentence was hurriedly imposed without consideration. Defendant does not argue or in any way *251 show that he was actually prejudiced by the failure of the trial court to observe the waiting period. Accordingly, we find this to be harmless error, but, since the case is being remanded for resentencing anyway, this patent error may be cured at that time.
The only other error patent on the face of the record was the illegally lenient sentence imposed upon the defendant, which we have already addressed earlier in this opinion.
Accordingly, for the foregoing reasons, we affirm the defendant's conviction but set aside his sentence and remand this case to the trial court for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
NOTES
[1] Defendant's motion for a new trial was based on the grounds of insufficiency of the evidence. For that reason, it will be discussed in conjunction with Assignment of Error No. 2.
[2] LSA-C.Cr.P. Art. 464.

The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charge. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
[3] LSA-C.Cr.P. Art. 873. Delay between conviction and sentence

If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.