544 So.2d 512 (1989)
STATE of Louisiana
v.
Pedro RESTREPO.
No. 89-KA-16.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
*513 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Pedro Restrepo, and two co-defendants were charged by bill of information with one count of conspiracy to distribute a controlled dangerous substance (LSA-R.S. 40:979/967), one count of distribution of a controlled dangerous substance (LSA-R.S. 40:967), and one count of possession of a controlled dangerous substance in an amount over 400 grams (LSA-R.S. 40:967). The defendant was arraigned and pled not guilty. He went to trial on counts two and three and a jury found him guilty as charged. Count one was dismissed by the state. On October 14, 1988 the defendant was sentenced to thirty years at hard labor, to be served consecutively to any other sentence the defendant was then serving. The defendant's motion for new trial was denied. This appeal followed and he urges three assignments of error.

FACTS
While incarcerated at the Jefferson Parish Correctional Center, Gary Fank was approached by Ray Lavigne who asked Fank if he wanted to purchase cocaine. When Fank replied in the affirmative, Lavigne gave him the defendant's telephone number.
On October 9, 1987, Fank and undercover agent JoLynn Cummings went to the defendant's *514 body repair shop, located in a storage unit on the Westbank Expressway. Cummings had a bag with $27,000 to be used to purchase one kilogram of cocaine. The defendant was present with two other men, identified as Mervyn Williams and Juan Gomez. Fank went into the unit and spoke with the defendant. Because Cummings refused to enter the unit, Williams went to his truck and looked through the bag with the money. When Williams came back, the defendant showed Fank the cocaine, packed in kleenex boxes. After placing a small amount on Fank's tongue, so he could "test" it, the defendant gave the cocaine to Williams. Williams went to Cummings' truck and delivered the cocaine while Fank left the scene.
When Williams gave Cummings the cocaine, she pressed the brake light in her truck, a pre-arranged signal to Agent Kenneth Soutullo, who had her under surveillance. Cummings then left the scene with the cocaine, which she delivered to the Jefferson Parish Narcotics Office.
After notifying other agents to move in, Soutullo approached the unit and arrested Williams. The defendant and Gomez fled, but were arrested approximately twenty minutes later in another storage unit.
At trial, Milton Dureau was stipulated to be an expert in forensic chemistry. He analyzed the packages delivered by Cummings and found that they contained 1,015.3 grams of cocaine.
ASSIGNMENT OF ERROR NUMBER ONE
The evidence presented at trial was not sufficient to justify the verdict rendered.
The defendant was convicted of one count of distrubution of cocaine and one count of possession of over four hundred grams of cocaine, both crimes in violation of LSA-R.S. 40:967.
The testimony of Gary Fank and Agent Cummings showed that the defendant gave Cummings two packages in exchange for $27,000.00. Laboratory analysis showed that the packages contained over 1,000 grams of cocaine. This evidence is sufficient to support a conviction for distribution of cocaine. State v. Higgins, 501 So.2d 856 (La.App. 5th Cir.1987).
In this case, the testimony of Fank established that the defendant had in his possession cocaine which he gave to Williams to deliver to Cummings. The amount of that cocaine was 1,015.3 grams which is sufficient to convict the defendant of possession of cocaine in an amount over four hundred grams. State v. Laino, 499 So.2d 1189 (La.App. 5th Cir.1986).
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Also assigned as error are any and all errors patent on the face of the record.
A review of the record reflects the following errors.
First, despite the fact that the defendant was convicted of two counts, he was sentenced to only one prison term. The State notes this error in its reply to assignment of error number three and alleges that a remand is warranted.
When two or more offenses are based on the same act or transaction, a more appropriate sentence is two terms, to be served concurrently. C.Cr.P. art. 883; State v. Sherer, 437 So.2d 276 (La.1983); State v. Davenport, 520 So.2d 463 (La.App. 5th Cir.1988). However, such error does not warrant reversal. "When the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term of imprisonment is a reasonable sentence under the circumstances, the single sentence will not affect the substantial rights of the defendant and remand for clarification or resentencing is not necessary, C.Cr.P. art. 921" (citations omitted). State v. Batiste, 517 So.2d 371, 373 (La.App. 5th Cir.1987).
This court has affirmed single sentences imposed for two or more convictions in several cases. See State v. Batiste, supra and cases cited therein.
Here the defendant was subject to two terms of imprisonment of up to thirty years to be served concurrently. LSA-R.S. 40:967(B)(1); (F)(3). Accordingly, his *515 rights were not affected by the imposition of one thirty year term.
A second error in sentencing occurred when the trial court imposed a sentence of thirty years at hard labor for the defendant's convictions, one of which is for possession of over four hundred grams of cocaine.
Thus, the trial court imposed an illegally lenient sentence due to his failure to require that the sentence be served without benefit of probation, parole or suspension of sentence and due to his failure to require payment of a fine.
An illegally lenient sentence may not be corrected by the appellate court on its own motion. State v. Fraser, 484 So.2d 122 (La.1986); State v. Batiste, supra. However, in a case such as this where the State raises the issue in appellate brief, this issue should be considered. State v. Rogers, 519 So.2d 246 (La.App. 5th Cir. 1988). If the resentencing of a defendant involves sentencing discretion by the trial judge, as in this case, the case should be remanded. State v. Rogers, supra.
Third, it is noted that although the minute entry and commitment reflecting the defendant's statement indicate that the defendant's sentence is to be served consecutively to any other sentence he may have, the transcript indicates that the trial court provided only that the instant sentence was to be served consecutively to any sentence imposed under the Federal System. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). This error does not affect the substantial rights of the defendant. C.Cr.P. art. 883 provides that "other sentences of imprisonment [than those imposed for two or more offenses based on the same act or transaction] shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." As the court in this case did not state that any of the defendant's sentences were to be concurrent, the law mandates that they be served consecutively.
No other errors are patent on the face of the record.
We find that the sentence in the instant case is illegally lenient and must be set aside and remanded for resentencing. Thus, we pretermit discussion of defendant's assignment of error, urging that his sentence is excessive.
For the above reasons, the conviction of the defendant is affirmed; however, we set aside his sentence as being illegally lenient and remand to the trial court for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.