DUFRESNE, Judge.
The defendant, Pedro Restrepo, and the two co-defendants were originally charged with one count of conspiracy to distribute a controlled dangerous substance (LSA-R.S. 40:979:967), one count of distribution of a controlled dangerous substance (LSA-R.S. 40:967), and one count of possession of a controlled dangerous substance in an amount over 400 grams (LSA-R.S. 40:967). A jury found the defendant guilty on the second and third counts, and the state dismissed the first count. The trial court sentenced the defendant to thirty years at hard labor, to be served consecutively to any other sentence the defendant was then serving. On appeal, this court affirmed the defendant’s conviction but vacated the defendant’s sentence and remanded the case for resentencing. State v. Restrepo, 544 So.2d 512 (La.App. 5th Cir.1989). The trial court resentenced the defendant to serve thirty years at hard labor, without benefit of probation, parole or suspension of sentence, but with credit for time served. That sentence was ordered to be served consecutively to a sentence the defendant was then serving on a federal conviction. The trial judge also imposed a $250,000.00 fine on the defendant. An appeal of the resentencing followed. The defendant has urged that his sentence is excessive. We disagree.
FACTS
A complete statement of the facts surrounding the defendant’s arrest are set forth in this court’s opinion affirming the defendant’s conviction. State v. Restrepo, supra, at 513-514. For purposes of this appeal, it is sufficient to state that the defendant was arrested and convicted after selling over one kilogram of cocaine to an undercover narcotics agent.
ASSIGNMENT OF ERROR-EXCESSIVE SENTENCE
The defendant contends that the sentence imposed on him is unconstitutionally excessive.
As stated above, the trial judge resentenced the defendant to serve thirty years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. He also imposed a $250,-000.00 fine on.the defendant. The penalty for distribution of cocaine is imprisonment at hard labor for not less than five years nor more than thirty years. LSA-R.S. 40:967B(1). A fine of not more than $15,-000.00 may also be imposed for cocaine distribution, id. Under LSA-R.S. 40:967F(1)(c), the penalty for possession of cocaine in an amount of 400 grams or more is imprisonment at hard labor for not less than fifteen years nor more than thirty years, and a mandatory fine of not less than $250,000.00 nor more than $600,-000.00. Moreover, LSA-R.S. 40:967G(1) provides that, when a defendant is convicted of possession of cocaine, neither the .adjudication of his guilt nor the imposition of his sentence shall be suspended, deferred, or withheld; nor shall the defendant be eligible for probation or parole prior to serving the minimum prison sentence prescribed by the statute.
At both the sentencing and the re-sentencing of the defendant, the trial judge clearly articulated his belief that, based on the facts of the case and the large quantity of cocaine involved, the defendant was a drug dealer. The trial judge reasoned that the defendant’s activity as a drug dealer supplying cocaine in this community should result in a strict sentence, particularly in light of the defendant’s previous drug offense.
The facts articulated by the trial judge support the sentence he imposed. The defendant is a drug dealer involved in cocaine trafficking. The drug transaction resulting in these convictions was not an isolated *1188 incident of narcotics activity by the defendant. At the time that these charges arose, the defendant was being prosecuted on a drug charge involving another significant quantity of cocaine. He ultimately pled guilty to attempted possession of cocaine in that case. State v. Restrepo, 527 So.2d 473 (La.App. 5th Cir.1988), appeal after remand, 538 So.2d 1130 (La.App. 5th Cir.1989). Considering that the defendant did not cease his narcotics activity even while being prosecuted on an earlier narcotics charge, the trial judge in this case correctly concluded that the defendant was a dangerous drug dealer who merited the maximum term of imprisonment. With respect to the fine imposed on the defendant, it should be noted that $250,000.00 is the minimum fine specified by the statute as a penalty for the defendant’s drug distribution conviction. Accordingly, the sentence imposed on the defendant was not excessive with regard to the term of imprisonment or the amount of the fine. However, the imposition of a thirty-year prison sentence on the defendant without benefit of parole for the full term of imprisonment is illegally excessive in light of LSA-R.S. 40:967G(1). As discussed above, that provision states that a defendant convicted of possession of cocaine shall not be eligible for probation or parole prior to serving the minimum sentence prescribed by the applicable sentencing statute. In this case the minimum prison sentence which could be imposed on the defendant is fifteen years. LSA-R.S. 40:967F(1)(c). The defendant’s ineligibility for parole extends to the initial fifteen-year portion of his thirty-year prison term. Accordingly, we order that the commitment and the minute entry be amended to reflect the defendant’s ineligibility for parole prior to serving a minimum prison term of fifteen years on this sentence. State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988).
At the request of the defendant, we have reviewed the record for errors patent and find none.
Accordingly, the sentence of the defendant is amended, and as amended, affirmed.
AMENDED, AND AFFIRMED AS AMENDED.