DUFRESNE, Judge.
The defendant, Terry Brown, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. He was found guilty as charged by a jury and sentenced to imprisonment at hard labor for ten years with credit for time served.
The defendant has appealed and urges us to review the record for errors patent. The only error we note is .that the defendant has received an illegally lenient sentence.
The trial court sentenced the defendant to serve ten years at hard labor, with credit for time served. LSA-R.S. 14:64 B provides that “Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” (emphasis supplied). Since the trial judge did not place the defendant on probation or suspend any portion of the sentence, he complied with the provisions of LSA-R.S. 14:64 B as they relate to the non-availability of probation or suspension of sentence.
Considering the sentencing provisions for armed robbery as set forth in LSA-R.S. 14:64 B, the sentence imposed on the defendant is illegally lenient; and the State’s request for a remand to correct the sentence is well founded. See State v. Restrepo, 544 So.2d 512 (La.App. 5th Cir.1989), State v. Rogers, 519 So.2d 246 (La.App. 5th Cir.1988), State v. Hardan, 501 So.2d 848 (La.App. 5th Cir.1987).
Accordingly, the conviction of the defendant is affirmed; however, the sentence is vacated and the matter is remanded for re-sentencing in accordance with LSA-R.S. 14:64 B.
CONVICTION AFFIRMED, SENTENCE VACATED; REMANDED FOR RE-SENTENCING.