572 So.2d 1152 (1990)
STATE of Louisiana
v.
Melvin Ray TOOMER.
Nos. KA 90 0195, KA 90 0196.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Bryan Bush, Dist. Atty., Baton Rouge, for plaintiff/appellee.
Kathryn Flynn, Office of Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., LANIER, J., and VIAL LEMMON,[*] J. Pro Tem.
*1153 COVINGTON, Chief Judge.
Melvin Ray Toomer was charged by indictment with aggravated rape, aggravated kidnapping and armed robbery, in violation of LSA-R.S. 14:42, 44, and 64 respectively. He pled not guilty. After a jury trial, he was found guilty as charged. Subsequently, the prosecution filed an habitual offender bill of information as to the armed robbery offense, and after a hearing, the defendant was adjudicated a second felony offender. Defendant was sentenced to a term of imprisonment for life at hard labor without benefit of probation, parole or suspension of sentence on each of the convictions for aggravated rape and aggravated kidnapping. These sentences were to run concurrently. For the armed robbery conviction, he was sentenced to 198 years imprisonment at hard labor; this sentence was to be served consecutively to the sentences for the aggravated rape and aggravated kidnapping. Defendant has appealed, alleging eleven assignments of error. Assignments of error numbers one, two, four, five, six, seven, eight, nine and ten were specifically abandoned by defendant in his brief to this court, and therefore, are not addressed in this appeal.

FACTS:
On February 11, 1989, at about 7:00 p.m., a woman drove to the Baton Rouge Little Theater, located in the Bon Marche Mall in Baton Rouge. As she walked from her automobile to the theater, she passed two black men who spoke to her. She did not respond. One of the men grabbed her purse and swung her around. The other man flashed a gun in her face. The men forced her into the front seat of her car. The older of the two men drove, and the other man, who was carrying the gun, sat in the passenger seat. The younger man was later identified as defendant, Melvin Toomer. Defendant directed the driver to a certain area. Once they were on a secluded street, the victim was told to disrobe and was raped by both men. They then put her in the trunk of her car and drove around for about twenty minutes. When the car stopped, the victim could overhear the men talking about killing her. They opened the trunk, and she begged them not to kill her. She told them that she had a bank card and could withdraw money from her account for them. The men said they would release her and her car if she could give them $200.00. If she could only give them $100.00, they would only release her. She was then raped again by defendant. The men then drove the victim to a bank; she was only able to withdraw $100.00 from an automatic teller machine. The men drove the woman back to the Baton Rouge Little Theater parking lot and released her. They fled in her automobile with the money and some of the victim's jewelry. The victim informed friends in the theater of what had happened to her. Subsequently, the victim identified defendant, in a lineup and at trial, as one of the perpetrators.

ASSIGNMENT OF ERROR NUMBER THREE:
By this assignment, defendant contends the trial court erred in denying the motion to suppress his oral statement. He argues that his oral inculpatory statement was a result of promises, threats and duress, and thus was not freely and voluntarily given. Defendant contends the interrogating police officer promised to speak with the judge and district attorney about helping him with his case if he gave a statement. He also asserts that he was physically harmed by police officers who choked him and slapped him across the head.
When Toomer was arrested, he was advised of his Miranda rights and taken to the police station for booking. Detective Bryan White read defendant his rights from a rights form; defendant then signed the form. Toomer advised he understood his rights and did not request an attorney. During the questioning by Detective White as to whether he stole the victim's automobile, he stated, "You won't find my fingerprints anywhere on that car but on the passenger side." He also responded to Detective White's questioning about his participation in the aggravated rape by saying, *1154 "I never held no gun on that lady." Defendant also admitted that he raped the victim and that he suggested the location for the rapes. Although he agreed to speak with the officers questioning him, Toomer refused to give a taped statement.
At the motion to suppress hearing, Detective White was called by the State as a witness on its case-in-chief. He testified on direct examination that there were no threats or coercion used on defendant to force him to give a statement, nor were any promises made to encourage Toomer to speak. Although he remembered Toomer walked with a slight limp, Detective White did not recall defendant complaining of a leg injury or making any request for medical attention. Defendant did not appear to be intoxicated or under the influence of drugs, nor did he appear to have difficulty in understanding the questions posed to him or in phrasing answers to those questions. Detective White recalled that Detective Rick Temple and Major Silas Gerald also went into the interview room during the questioning of Toomer. At trial, Detective White recalled that defendant was provided medical attention by a medic for cuts and scrapes. He was also given some food from the snack machines in the police station. Detective Temple and Major Gerald did not testify at the motion to suppress hearing or at the trial.
Defendant also testified at the motion to suppress hearing. He stated that when he was brought in for questioning he was handcuffed behind his back and his leg was swollen. He also stated he was scared, tired and wet. He admitted he was provided with dry clothes, food and medical attention for his leg, and further admitted that he was not questioned until he changed clothes. Defendant also testified that Detective White said he was going to talk to the judge and district attorney "to help me with my case." Toomer claimed that he was threatened and that he was treated brutally, including being slapped across his head and being held by the throat while pictures of him were taken. Additionally, defendant stated he had been using cocaine before he was arrested and that it made him lie. Toomer did not testify at his trial.
In order for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, or promises. LSA-R.S. 15:451; State v. Knight, 536 So.2d 589, 593 (La.App. 1st Cir.1988). The admissibility of a confession is in the first instance a question for the trial court. Its conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Welch, 448 So.2d 705, 712 (La.App. 1st Cir.), writ denied, 450 So.2d 952 (La.1984). The State has the burden of affirmatively proving the confession was free and voluntary. LSA-C.Cr.P. art. 703(D). Therefore, if the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the State to rebut these allegations specifically. However, when a defendant's allegations are in direct conflict with previous testimony by a State's witness on direct examination, the State's witness need not be recalled on rebuttal to repeat what he testified to in the State's affirmative showing. State v. Odds, 430 So.2d 1269, 1271 (La. App. 1st Cir.1983). Furthermore, the Louisiana Supreme Court has held in State v. Vernon, 385 So.2d 200, 204 (La.1980), that the mere fact that one officer had told the defendant that the district attorney would be advised of any cooperation cannot be considered sufficient inducement to vitiate the free and voluntary nature of the confession.
In the instant case, Detective White refuted defendant's allegations of promises to speak with the judge or district attorney in exchange for the statement. His testimony also rebutted Toomer's claim of abuse and threats. Thus, the trial court's ruling that defendant's statement was freely and voluntarily given is supported by the evidence; and we find the State met its burden of proving the voluntariness of Toomer's oral statement. The trial court properly denied the motion to suppress.
This assignment lacks merit.

*1155 ASSIGNMENT OF ERROR NUMBER ELEVEN:
By means of this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Toomer was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each of the convictions of aggravated kidnapping and aggravated rape. These sentences were mandatory. See LSA-R.S. 14:42 C and 44. Defendant was also found to be a second felony habitual offender and sentenced to a maximum of 198 years at hard labor on the armed robbery conviction. LSA-R.S. 14:64 B and 15:529.1 A(1). It is this sentence that defendant complains is excessive.
The Code of Criminal Procedure sets forth items which must be considered by the trial court in imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire check list of Article 894.1, but the record must reflect that it adequately considered the guidelines. In light of the criteria expressed by article 894.1, a review of the individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
A review of the record indicates the trial court adequately complied with LSA-C. Cr.P. art. 894.1. The judge reviewed the facts presented at trial and found that defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense. Also, noting the viciousness of the crime, the harm to the victim, and the danger to the public, the trial judge imposed the maximum sentence allowable and ordered that it be served consecutive to the sentences on the other counts.
Although a sentence is within the statutory limit it may nevertheless be excessive if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262, 1267 (La.1982).
We do not find that the sentence in this case is excessive. The sentence is commensurate with, rather than grossly out of proportion to, the severity of defendant's offense. Nor is the 198 year sentence extraordinary. See State v. Donahue, 408 So.2d at 1267 and the cases cited therein.
Maximum sentences are imposed only in cases involving the most serious offenses and the worst offenders. State v. Watkins, 532 So.2d at 1186. In view of the facts of this crime and his previous record, clearly defendant is the worst type of offender. The defendant, a convicted burglar who committed aggravated rape, aggravated kidnapping and armed robbery within six weeks of his release from prison[1], is the worst type of offender. See State v. Watkins, 532 So.2d at 1187. Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
This assignment lacks merit.

ILLEGALLY LENIENT SENTENCE:
In sentencing defendant, the trial court failed to state that the sentence for the armed robbery was without benefit of parole, probation or suspension of sentence.[2] LSA-R.S. 14:64B provides that a person convicted of armed robbery shall be sentenced without benefit of parole, probation or suspension of sentence. Defendant's sentence as an habitual offender based on an underlying conviction of armed *1156 robbery should be without parole, probation or suspension of sentence. See LSA-R.S. 15:529.1 G; State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). Thus, defendant's sentence was illegally lenient. When the trial court has imposed an illegal sentence, either the defendant or the prosecutor may move to correct the sentence in the trial court; or the trial court may raise the question on its own motion at anytime. Furthermore, an appellate court may not correct an illegally lenient sentence of which the prosecutor has not complained. State v. Fraser, 484 So.2d 122, 124 (La. 1986).
Herein, the State has complained in its brief to this Court that the sentence is illegally lenient. It requests this Court to review the sentence and either correct it on appeal or remand to the trial court for resentencing.
LSA-C.Cr.P. art. 882 states:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
Our brethren of the Louisiana Fifth Circuit Court of Appeal have ruled that a State's brief calling attention to an illegally lenient sentence and requesting a remand to the trial court for correction of the sentence constitutes an application for review by the State. See State v. Rogers, 519 So.2d 246, 249 (La.App. 5th Cir.1988); State v. Hardan, 501 So.2d 848, 851-852 (La.App. 5th Cir.1987); State v. Sepcich, 473 So.2d 380, 389 (La.App. 5th Cir.1985). The Louisiana Second Circuit has taken an opposite approach, requiring a formal application for review by the prosecution beyond mere argument in a brief. Cf. State v. Hadwin, 559 So.2d 525, 527 (La.App. 2d Cir.1990); State v. Arrington, 556 So.2d 263 (La.App. 2d Cir.1990).
We find the position of our brethren in the Second Circuit to be the correct one. In State v. Fraser, supra, it was explicitly stated by our supreme court:
If the trial court refuses an application to correct an allegedly illegal sentence (or if the question is not raised in the trial court), La.C.Cr.P. Art. 882 B provides that a sentence may be reviewed as to its legality, on the application of either the defendant or the prosecutor, by appeal or by writs....
[Emphasis by the court.]
Article 882 B still requires an application for review of an illegal sentence by either the defendant or the prosecutor.
[Emphasis ours.]
484 So.2d at 124.
This language, "by appeal or by writs" and "an application for review," suggests a procedural formality not met by responsive argument in a brief. Such a posture is also consistent with this court's requirement in civil cases of an appeal or formal answer to an appeal in order for a party to receive any relief. We will not require less of the State in a criminal prosecution than we do of a civil litigant in a civil case. Therefore, we decline to correct the illegally lenient sentence.
Defendant's convictions and sentence are affirmed.
CONVICTIONS AND SENTENCE AFFIRMED.
NOTES
[*] Judge Mary Ann Vial Lemmon of the 29th J.D.C., is serving as judge pro tempore by special appointment of the Louisiana Supreme Court to fill the vacancy created by the death of Judge Steve A. Alford, Jr.
[1] The habitual offender bill of information indicates defendant was released from prison on the predicate conviction on January 5, 1989.
[2] The minute entry states that defendant's sentence for the armed robbery offense was imposed without benefit of parole, probation or suspension of sentence. However, a review of the sentencing transcript reveals that the trial court did not state these conditions when it imposed this sentence. Where there is a discrepancy between the transcript and minute entry, the transcript prevails. State v. Collins, 546 So.2d 1246, 1249 n. 1 (La.App. 1st Cir.1989), writ denied, 558 So.2d 599 (La.1990).