729 So.2d 1080 (1999)
STATE of Louisiana
v.
Valerie K. WILLIAMS.
No. 98 KA 0952.
Court of Appeal of Louisiana, First Circuit.
February 19, 1999.
*1081 Juan W. Pickett, Asst. Dist. Attorney, Houma, LA, for State of Louisiana.
Edward K. Bauman, Lake Charles, LA, for Valerie K. Williams.
BEFORE: LeBLANC, FOGG and PARRO, JJ.
LeBLANC, J.
Defendant, Valerie K. Williams, was charged by bill of information with distribution of cocaine within a drug free zone, i.e., within one thousand feet of school property. See La.R.S. 40:967 A(1) and La.R.S. 40:981.3. She filed a motion to quash on the grounds that: (1) there were no signs declaring the area to be a drug free zone; and (2) the offense occurred after school hours. After the trial court denied her motion to quash, defendant entered a Crosby plea pursuant to an agreement whereby the trial court agreed to sentence her to prison at hard labor for fifteen years, without benefit of probation, parole, or suspension of sentence. Defendant reserved the right to appeal the trial court's ruling on her motion. Defendant has now appealed, arguing the trial court erred in denying her motion to quash and in imposing an excessive sentence.

Motion to Quash
In assignment of error number one, defendant argues that her motion to quash should have been granted because La.R.S. 40:981.3 as written is overinclusive and unconstitutional. The parties stipulated that the sale resulting in defendant's arrest occurred after school hours, sometime between 4:25 and 4:40 p.m. Defendant contends no legitimate state interest is served by applying La.R.S. 40:981.3 to sales that occur when the nearby school is not open.
This same argument was rejected by the Fifth Circuit in State v. Brown, 606 So.2d 586, 588-589 (La.App. 5 Cir.1992), writ denied, 92-2945 (La.1/28/94); 630 So.2d 786, a case in which the sale of cocaine occurred during the summer months when the nearby school was not in session. In rejecting the argument that La.R.S. 40:981.3 is overinclusive because it makes no exceptions for periods when school is not in session, the Fifth Circuit explained:
It is well settled that the legislature is afforded wide latitude in making statutory classifications affecting the public health, safety and welfare. It is equally well settled that these statutes will be upheld upon a showing of some rational relationship to a legitimate legislative purpose. State v. Bonanno, 384 So.2d 355 (La.1980).
There can be no doubt that the legislature has a legitimate goal of protecting school age children from the dangers of drugs and drug related crime and the statute is rationally structured to effectuate that purpose.
"[A] drug free zone around our nation's schools could not be realized if the protection the statute affords school children ends when the final bell rings each day. The elementary and secondary schools are places where children congregate before and after school hours. Moreover, any drug related activity in the vicinity of a school increases the likelihood that drugs would become accessible to the children who attend the school. If the drug seller uses a place within the protected area to carry on illegal activity, his customers can decide to buy drugs while children are present."
Brown, 606 So.2d at 589 quoting U.S. v. Crew, 916 F.2d 980, 983 (5th Cir.1990). We agree fully with this rationale. The goal of La.R.S. 40:981.3 is to protect children from the dangers of drugs by creating a "drug free zone" in areas children frequent. State v. Brown, 94-1290, pp. 6-7 (La.1/17/95); 648 So.2d 872, 876. We believe the application of this provision to areas near schools, even after regular school hours, bears a rational relationship to this goal since, if an area becomes known for drug activity, it is unlikely that such activity will be confined to times when children are not present. See Brown, 606 So.2d at 588-589; see also U.S. v. Crew, 916 F.2d at 983.
Nor is there merit in defendant's contention that the charge against her should be quashed because there were no signs *1082 warning that the area where the sale of cocaine occurred was a drug free zone. La. R.S. 40:981.3 B specifically provides that lack of knowledge that the prohibited act occurred on or within one thousand feet of school property is not a defense. Moreover, the validity of this provision has been upheld by our supreme court. See Brown, 94-1290 at pp. 7-8; 648 So.2d at 876-877.
This assignment of error is without merit.

Excessive Sentence
In her second assignment of error, defendant contends the sentence imposed by the trial court was cruel, unusual and excessive. However, we find that defendant is precluded from seeking review of the sentence imposed for the following reasons.
First, the sentencing transcript indicates defendant did not orally object to the sentence or move for reconsideration of sentence at the time of sentencing. Nor did defendant thereafter file a motion to reconsider sentence. Under Louisiana Code of Criminal Procedure article 881.1 D, the failure to file or make a motion to reconsider sentence precludes a defendant from raising any objection to the sentence on appeal, including a claim of excessiveness. See State v. Duncan, 94-1563, p. 2 (La.App. 1 Cir. 12/15/95); 667 So.2d 1141, 1143 (en banc per curiam). See also State v. Myles, 616 So.2d 754, 758-759 (La.App. 1 Cir.), writ denied, 629 So.2d 369 (1993).
Secondly, under Louisiana Code of Criminal Procedure article 881.2 A(2), a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." See State v. Young, 96-0195, p. 5 (La.10/15/96); 680 So.2d 1171, 1174. The guilty plea and sentencing transcript herein reveals that the trial court specifically agreed in this case to impose a sentence of fifteen years at hard labor if defendant pled guilty. When the trial court asked defendant if she understood the sentence to be imposed and still wished to plead guilty, she responded that she did. Thus, having pled guilty pursuant to a specific sentencing agreement, defendant is not entitled to a review of that sentence. Louisiana Code of Criminal Procedure article 881.2 A(2)
This assignment of error lacks merit.

Illegal Sentence
In its response brief, the state notes that defendant's sentence was illegally lenient in that it did not include the mandatory $50,000 fine required in cases such as the present one. See La.R.S. 40:967 B(4)(b) and 40:981.3 E. The state requests that this case be remanded to the trial court for correction of the illegal sentence.
While we agree that the sentence is illegally lenient, we cannot correct the sentence, nor grant the state's request for remand, since the state has not appealed, filed an application for review of an illegal sentence, or filed a motion for reconsideration of sentence. See Louisiana Code of Criminal Procedure articles 881.1 D and 882 B; State v. Toomer, 572 So.2d 1152, 1156 (La.App. 1 Cir.1990). The state's request in its response brief for correction of an illegal sentence is procedurally insufficient to properly bring the issue before this Court. See Toomer, 572 So.2d at 1156.
CONVICTION AND SENTENCE AFFIRMED.