LKUHN, Judge.
Defendant, Charles Johnson, was charged by bill of information with armed robbery. He pled not guilty. After a trial, the jury returned a verdict of guilty of first degree robbery. The state filed a multiple offender bill of information charging defendant as a fourth felony offender. At a hearing, after being advised of his rights, defendant admitted to being a third felony habitual offender. The trial court sentenced defendant to seventy (70) years at hard labor, without benefit of parole, probation, or suspension of sentence.
THE FACTS
The victim in this matter was approached by defendant outside Earl K. Long Hospital. Defendant told the victim, who was pregnant, that if she did not walk away with him he would shoot and kill her unborn child. After walking toward the front of the hospital, defendant demanded that the victim give him all the jewelry she was wearing, including nine rings. The victim complied. During this encounter, the victim saw a handle of a pistol, but did not see the entire gun. After stealing the jewelry, defendant advised the victim not to watch him as he left the area. A short time later, defendant was apprehended and two of the victim’s rings were recovered.
ANALYSIS
In assignment of error number one, defendant argues that his sentence was excessive. In assignment of error number two, defendant argues that defense counsel’s failure to file a motion to reconsider sentence should not preclude review of the constitutionality of the sentence and if it does, the failure to file the motion constitutes ineffective assistance of counsel.
The state contends that because the sentence was the result of an agreement to a specific sentence, defendant cannot raise the issue of excessiveness of his sentence. The state further argues that defendant is barred from review of his *236 sentence because he failed to file a motion to reconsider. Finally, the state contends that the sentence was not excessive and the failure- to file a motion to reconsider was not ineffective assistance of counsel.
The transcript of the guilty plea to the habitual offender bill of information and sentencing reveals that the trial court specifically advised defendant that it would impose a | «sentence of seventy years at hard labor. The court also advised defendant of the maximum sentence of eighty (80) years which could be imposed on defendant as a third felony habitual offender. When the trial court asked defendant if he understood the sentence to be imposed and still wished to plead guilty, defendant responded that he did. Moreover, if defendant had been adjudicated a fourth felony habitual offender, as originally billed, he would have been exposed to a maximum term of life imprisonment. Therefore, defendant received the benefit of a reduced sentence by pleading and admitting to being a third felony habitual offender.
Under Louisiana Code of Criminal Procedure article 881.2(A)(2), a defendant cannot appeal or seek “review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” See State v. Young, 96-0195, p. 5 (La.10/15/96), 680 So.2d 1171, 1174; State v. Williams, 98-0952, p. 4 (La.App. 1 Cir. 2/19/99), 729 So.2d 1080, 1082. Thus, having pled guilty pursuant to a specific sentencing agreement, defendant is not entitled to a review of that sentence.
As to defendant’s claim of ineffective counsel,[2] the United States Supreme Court has established a two-part test for review of a convicted defendant’s claim that his counsel’s assistance was so defective as to require reversal of a conviction. In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Court stated:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
In evaluating the performance of counsel, the “inquiry must be whether counsel’s assistance was reasonable considering all the circumstances.” Strickland, 466 U.S. at 688, 104 S.Ct. at 2065. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Louisiana Code of Criminal Procedure article 881.1 D provides that the failure to file or make a motion to reconsider sentence precludes the defendant from raising an excessive sentence argument on appeal. Herein, however, defendant was barred from seeking review of his sentence because it was imposed as part of a plea *237 agreement, not from counsel’s failure to make a motion to reconsider sentence. Thus, there was no deficient performance by defense counsel.
This assignment of error lacks merit.
In his pro se assignment of error, defendant contends that the trial court erred in failing to specify which predicate conviction was used for his adjudication as a third felony habitual offender. Defendant cites State v. Johnson, 97-0317 (La. App. 4th Cir.8/19/98), 718 So.2d 553, as authority for his argument to vacate his sentence. In State v. Johnson, p. 9-11, 718 So.2d at 558, the appellate court vacated the sentence and remanded for resen-tencing because of the trial court’s failure to specify which predicate convictions it was using for the habitual offender adjudication. However, State v. Johnson is distinguishable from the instant case. In Johnson, the specification of the underlying predicate convictions was pertinent to the imposition of a life sentence under the “violent offender” provision of the Habitual Offender Law. Therein the record was not clear which one of two predicates was being used. In that case if the judge intended to base his adjudication of defendant as a third offender on the aggravated battery and armed robbery convictions, then the life sentence under the “violent offender” provision could have been upheld. Because the appellate court could not determine which predicate offenses the trial judge used in adjudicating defendant as a third offender, the sentence was vacated and the matter remanded for resentencing. Herein, however, it is clear from the transcript of the habitual offender and sentencing proceedings that the court was not sentencing defendant under the violent offenses portion of La. R.S. 15:529.1 A(2)(b)(ii). Thus, there was no need to use certain types of predicate convictions for the adjudication. Moreover, we note that defendant pled guilty | sto the status of third felony habitual offender and does not cite any prejudice which resulted from the failure to specify the predicate convictions used for the enhanced sentencing.
Thus, this assignment of error lacks merit.
CONCLUSION
For these reasons, the sentence of defendant, Charles Johnson, is affirmed.
SENTENCE AFFIRMED.

. We note that this type of claim is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Hicks, 554 So.2d 1298, 1306 (La.App. 1st Cir.1989), writs denied, 559 So.2d 1374 (La. 1990) and 604 So.2d 1297 (La. 1992). However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La. 1984).